This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38873**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**ESPERANZA TARANGO,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Defendant Esperanza Tarango appeals her convictions for kidnapping, contrary to NMSA 1978, Section 30-4-1 (2003); residential burglary, contrary to NMSA 1978, Section 30-16-3(A) (1971); and aggravated battery (great bodily harm), contrary to NMSA 1978, Section 30-3-5(C) (1969). Defendant raises four issues on appeal: (1) her convictions for kidnapping and aggravated battery violate double jeopardy; (2) there is insufficient evidence to sustain her convictions; (3) the district court erred in admitting video of Defendant's interrogation; and (4) the State committed prosecutorial misconduct by asking a detective the basis for the charges against Defendant. We

reverse Defendant's convictions for aggravated battery and residential burglary, but affirm her conviction for kidnapping.

## DISCUSSION

### I.      The State's Concessions

**{2}**      Defendant contends that her convictions for kidnapping and aggravated battery violate double jeopardy because her "convictions arose under separate statutes . . . but are both based on the same conduct." Defendant also contends that there is insufficient evidence to sustain her conviction for residential burglary, on grounds that the State failed to prove that she had the "intent to commit a theft" when entering Victim's home. The State concedes both points. While we are not bound to accept the State's concessions, *State v. Palmer*, 1998-NMCA-052, ¶ 12, 125 N.M. 86, 957 P.2d 71, we accept them here and reverse Defendant's convictions for aggravated battery and residential burglary. We proceed to address the remainder of Defendant's arguments in relation to the remaining kidnapping conviction.

### II.      The Evidence Is Sufficient to Sustain Defendant's Conviction

**{3}**      Defendant challenges the sufficiency of the evidence to support her conviction, arguing that the testimony of her co-defendants is "inheritably unreliable" and "should be insufficient to sustain the conviction[] in this case." Applying the well-established standard of review set forth in *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176, we reject Defendant's argument for two reasons.

**{4}**      First, the jury heard testimony from additional witnesses, including Victim, which was sufficient in and of itself to sustain Defendant's conviction. Defendant argues that Victim's testimony is not wholly reliable because he testified to smoking meth once a month.[1] However, "[t]he jury alone is the judge of the credibility of the witnesses and determines the weight afforded to testimony." *State v. Candelaria*, 2019-NMSC-004, ¶ 45, 434 P.3d 297 (internal quotation marks and citation omitted); *see also State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 ("[T]he testimony of a single witness is sufficient evidence for a conviction.").

**{5}**      Second, our Supreme Court held long ago that "a defendant may be convicted on the uncorroborated testimony of an accomplice." *State v. Gutierrez*, 1965-NMSC-143, ¶ 4, 75 N.M. 580, 408 P.2d 503. To the extent that our courts have historically recognized that accomplice testimony "should be viewed with suspicion," *State v. Sarracino*, 1998-NMSC-022, ¶ 14, 125 N.M. 511, 964 P.2d 72, we have also left determinations of credibility and weight to the jury. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("New Mexico appellate courts will not invade

---

[1]Defendant briefly mentions that Victim testified that Defendant hit him at the direction of one of her co-defendants. To the extent Defendant offers this testimony to suggest that her co-defendants should not be believed (i.e., that they sought to blame Defendant for a crime they directed), Victim's testimony does not undermine the fact that Defendant engaged in conduct sufficient to sustain her conviction.

the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury." (alterations, internal quotation marks, and citation omitted)); *see also Candelaria*, 2019-NMSC-004, ¶ 45. Defendant, for her part, called attention to the reliability and credibility of her co-defendants' testimony during cross-examination, where defense counsel questioned those witnesses at length about the contours of their plea agreements and highlighted for the jury that these witnesses each received less time in exchange for their testimony. Nevertheless, it was well within the jury's fact-finding function to conclude that the testimony presented at trial was credible.

**{6}** Having reviewed the evidence presented at trial, we conclude that the testimony offered by multiple witnesses was sufficient to support Defendant's conviction beyond a reasonable doubt, and we decline to disturb the jury's verdict.

### III. Admission of Defendant's Interrogation Video Was Harmless Error

**{7}** Defendant next argues that the district court erred by admitting a video of her police interrogation. During the interrogation, Defendant can be heard discussing a recent conviction for possession of marijuana, and how that had caused issues with her ability to see her son. Assuming without deciding that these portions of the video were admitted in error, we conclude that any error was harmless.

**{8}** "Improperly admitted evidence is not grounds for a new trial unless the error is determined to be harmful." *State v. Tollardo*, 2012-NMSC-008, ¶ 25, 275 P.3d 110. To determine if the error was harmful, we engage in a harmless error analysis, where "we look to whether there is a reasonable probability that the error affected the verdict." *State v. Astorga*, 2015-NMSC-007, ¶ 43, 343 P.3d 1245. "Reviewing courts are to evaluate all of the circumstances surrounding the error, including examining the error itself, the source of the error, the emphasis on the error, and whether the error was cumulative or introduced new facts." *State v. Hernandez*, 2017-NMCA-020, ¶ 20, 388 P.3d 1016. "To put the error in context, we often look at the other, non-objectionable evidence of guilt, not for a sufficiency-of-the-evidence analysis, but to evaluate what role the error played at trial." *State v. Leyba*, 2012-NMSC-037, ¶ 24, 289 P.3d 1215.

**{9}** Defendant contends that the video "unquestionably painted [her] in an unflattering light" and because the State played the video during closing, there was a reasonable probability the video contributed to the verdict. However, the portions of the video that Defendant objects to were played only once during trial, and were not replayed during closing, though other portions of the interrogation were. Our independent review of the record reveals that the admission of the video did not play a significant role at trial. First, the most inculpatory evidence came from the testimony of Victim and the co-defendants. Victim and both co-defendants testified that the entire incident was because Defendant could not find either her backpack or a pouch in the backpack, and there is no dispute that Defendant was present throughout the entire incident. Further, Victim testified that he believed Defendant tied his hands behind his back, while Victim and a co-defendant testified that Defendant hit Victim with an object.

**{10}** Because the video testimony to which Defendant objects was brief, was not emphasized, and was minor in the context of the evidence introduced in support of the kidnapping charge, we cannot conclude that there was a reasonable probability that the error affected the verdict. We, therefore, hold that any error admitting the video was harmless.

### IV. The State's Line of Questioning Did Not Amount to Prosecutorial Misconduct

**{11}** Defendant contends the State committed prosecutorial misconduct by eliciting testimony from a deputy about why he charged Defendant with kidnapping. While Defendant objected to this line of questioning, she did not object on prosecutorial misconduct grounds. Our review of this issue is for fundamental error. *State v. Trujillo*, 2002-NMSC-005, ¶ 52, 131 N.M. 709, 42 P.3d 814.

**{12}** For prosecutorial misconduct to rise to the level of fundamental error, the conduct must have been "so egregious" and have "had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial." *State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 944 P.2d 728 (internal quotation mark and citation omitted). "As with any fundamental error inquiry, we will upset a jury verdict only (1) when guilt is so doubtful as to shock the conscience, or (2) when there has been an error in the process implicating the fundamental integrity of the judicial process." *State v. Sosa*, 2009-NMSC-056, ¶ 35, 147 N.M. 351, 223 P.3d 348.

**{13}** During direct examination, the State asked the investigating deputy, "without commenting on the law," why he charged Defendant. In the deputy's responses, he provided a brief and general overview of the facts that led to his charging determinations. For example, when questioned about the charges, the deputy stated he charged Defendant with kidnapping because of the "physical evidence and the statements of [Victim] and what Detective Meeks learned during his interviews." He stated that he charged her with aggravated battery because of the "severity of the injuries" and "the manner in which those injuries were inflicted," and that he charged her with residential burglary because "[Victim's] residence had its door kicked in and had the inside gone through, like someone intended to rob it." Eliciting such testimony, Defendant argues, constitutes prosecutorial misconduct because the testimony "suggested to the jury that the investigating officers had reviewed the evidence and found [Defendant] guilty so the jury should trust their expertise and do so as well." *See State v. Ashley*, 1997-NMSC-049, ¶ 18, 124 N.M. 1, 946 P.2d 205 ("A prosecutor may not imply that guilt has been determined by a judicial officer.").

**{14}** Based on our review of the record, we cannot conclude the State's questioning had a persuasive and prejudicial effect requiring us to overturn Defendant's convictions. *See Allen*, 2000-NMSC-002, ¶ 95. The testimony elicited by the prosecutor referenced properly admitted evidence and not personal opinions unrelated to such evidence, and importantly, did not touch upon the ultimate issue of the case. Further, the testimony elicited was not later highlighted by the State and amounts to an "isolated, minor

impropriety." *Id.* While we understand Defendant's concern that the officer's testimony toed the line of improper vouching, in context, we are not persuaded that the prosecutor's line of questioning was prejudicial enough to deprive Defendant of a fair trial. We conclude that any error resulting from this line of questioning does not rise to the level of fundamental error.

**CONCLUSION**

**{15}** For the foregoing reasons, we reverse Defendant's convictions for aggravated battery and residential burglary and remand to the district court with instructions to vacate both convictions. We otherwise affirm Defendant's kidnapping conviction.

**{16}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**